UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENATO TREJO MUNOZ, Reg. No. 097904694,<br><br>Plaintiff,<br><br>vs.<br><br><br>HOLTVILLE SHERIFF DEP'T; IMPERIAL SHERIFF'S DETENTION OFFICE; TWO UNKNOWN SHERIFFS,<br><br><br>Defendant. | Case No.: 3:18-CV-2556-CAB-MDD<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 3]**<br><br>**AND**<br><br>**2) DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)** |

Renato Trejo Munoz ("Plaintiff"), a federal immigration detainee at the Otay Mesa Detention Center ("OMDC") in San Diego, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983, together with a Motion to Proceed In Forma Pauperis ("IFP") (ECF Nos. 1, 2). Plaintiff's claims are far from clear but he seeks "$70,000,000,000" in damages. (ECF No. 1 at 5.)

**I.      Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

$400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

"Unlike other indigent litigants, prisoners proceeding IFP must pay the full amount of filing fees in civil actions and appeals pursuant to the PLRA [Prison Litigation Reform Act]." *Agyeman v. INS*, 296 F.3d 871, 886 (9th Cir. 2002). As defined by the PLRA, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

A person detained and subject to removal or deportation, however, is not a "prisoner" under § 1915(h). *Agyeman*, 296 F.3d at 886; *Ojo v. INS*, 106 F.3d 680, 682-83 (5th Cir.1997) (holding that a detainee of the Immigration and Naturalization Service is not a prisoner for purposes of the PLRA filing fee provision); *cf. Andrews v. King*, 398 F.3d 1113, 1122 (9th Cir 2005) ("civil detainee" is not a "prisoner" within the meaning of the PLRA).

Because Plaintiff is currently detained at OMDC as an immigration detainee, he does not meet the definition of "prisoner" under 28 U.S.C. § 1915(h), and the filing fee provisions of 28 U.S.C. § 1915(b) are not applicable to this case. *Agyeman,* 296 F.3d at 886. Therefore, the Court has reviewed Plaintiff's affidavit of assets, just as it would for any other non-prisoner litigant seeking IFP status, and finds it is sufficient to show that he is unable to pay the fees or post securities required to maintain a civil action. *See* S.D.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

CAL. CIVLR 3.2(d). Accordingly, Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) is GRANTED (ECF No. 2).

## II.     Screening of Plaintiff's Complaint

### A.     Standard of Review

A complaint filed by *any* person proceeding IFP is subject to sua sponte dismissal, however, if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### B. Plaintiff's Factual Allegations

Plaintiff's factual allegations are difficult to decipher. It appears that Plaintiff was arrested by Sheriff Deputies with the "Holtville Sheriff Department." Compl. at 5. At the time of his arrest, Plaintiff claims that he possessed eight thousand dollars which is now allegedly missing. *See id.* at 6-7.

### C. Rule 8

Complaints must comply Federal Rule of Civil Procedure 8, which requires that each pleading include a "short and plain statement of the claim," FED. R. CIV. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). In addition to the grounds for sua sponte dismissal set out in § 1915(e)(2)(B), the district court may also dismiss a complaint for failure to comply with Rule 8 if it fails to provide the defendant fair notice of the wrongs allegedly committed. *See McHenry v. Renne*, 84 F.3d 1172, 1178–80 (9th Cir. 1996) (upholding Rule 8(a) dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant.)

Plaintiff's Complaint contains no coherent factual allegations against any specific individual. Accordingly, the Court DISMISSES the entire Complaint on Rule 8 grounds but will permit Plaintiff to file an amended pleading that complies with Rule 8.

### D. 42 U.S.C. § 1983

Section 1983 is a "vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To state a claim under 42 U.S.C. § 1983, a plaintiff must

allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

### E. Defendants Holtville Sheriff Dep't and Imperial County Sheriff Dep't

The Court finds that Plaintiff's Complaint requires sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) to the extent it seeks relief under § 1983 against Holtville Sheriff's Department and the "Imperial Sheriff's Detention Office." Neither the Holtville or the Imperial County Sheriff's Departments, unlike the County of Imperial itself, are subject to suit under § 1983. *See Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("Naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality."); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) ("Section 1983 imposes liability on any 'person' who violates someone's constitutional rights 'under color of law.' Cook County Jail is not a 'person.'")). Therefore, while the County of Imperial may be considered a "person" subject to suit under § 1983, *see Long v. Cty. of Los Angeles,* 442 F.3d 1178, 1185 (9th Cir. 2006) (citing *Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 690 (1978)), its Sheriff's Department may not.

Therefore, the Court DISMISSES all claims against the Holtville and Imperial County Sheriff's Departments for failing to state a claim upon which relief may be granted.

### F. Property Deprivation

Once again, it is not entirely clear, but it appears that Plaintiff is claiming he lost $8000 sometime during or after his arrest. *See* Compl. at 4. However, it is not clear who is purportedly responsible for the alleged loss of this money. The Due Process Clause protects against deprivations of property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The United States Supreme Court has also held, however, that "an unauthorized intentional deprivation of property by a state employee does not

5

3:18-CV-2556-CAB-MDD

constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). California's tort claim process provides an adequate post-deprivation remedy. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) ("[A] negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy."); *see also Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1120 (S.D. Cal. 2007); *Kemp v. Skolnik*, No. 2:09-CV-02002-PMP, 2012 WL 366946, at *6 (D. Nev. Feb. 3, 2012) (finding prisoner's alleged loss or destruction of newspaper, magazines, and books failed to state a Fourteenth Amendment claim pursuant to *Hudson* and noting that "[i]f Plaintiff wishes to recoup the value of the alleged lost materials, he will have to file a claim in small claims court in state court.").

Accordingly, Plaintiff's property deprivation claims are **DISMISSED** for failing to state a claim upon which relief may be granted.

### G. Leave to Amend

A pro se litigant must be given leave to amend his pleading to state a claim unless it is absolutely clear the deficiencies cannot be cured by amendment. *See Lopez*, 203 F.3d at 1130 (noting leave to amend should be granted when a complaint is dismissed under 28 U.S.C. § 1915(e) "if it appears at all possible that the plaintiff can correct the defect"). Therefore, the Court will grant him a chance to fix the pleading deficiencies discussed in this Order. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

### III. Conclusion and Order

Based on the foregoing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 3).

2. **DISMISSES** Plaintiff's Complaint (ECF No. 1) for failing to comply with Rule 8 of the FRCP and for failing to state a claim upon which § 1983 relief can granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

3. **GRANTS** Plaintiff thirty (30) days leave from the date of this Order in which to file an Amended Complaint that cures the deficiencies of pleading described above. Plaintiff's Amended Complaint must be complete by itself without reference to his original complaint. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

Should Plaintiff elect not to proceed by filing an Amended Complaint within 30 days, the Court will enter a final Order of dismissal of this civil action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and for failure to prosecute in compliance with a Court Order requiring amendment. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to prosecute permitted if plaintiff fails to respond to a court's order requiring amendment of complaint); *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

4. The Clerk of Court is directed to mail Plaintiff a civil rights form complaint for his use in amending.

**IT IS SO ORDERED**.

Dated: December 4, 2018

Hon. Cathy Ann Bencivengo
United States District Judge